2024 AUG -2 AM 11: 00

# IN THE SUPERIOR COURT OF GUAM

JOHN P. CHARGUALAF,

    Plaintiff,

vs.

LAWRENCE P. CHARGUALAF,

    Defendant.

Civil Case No. CV0335-24

**DECISION AND ORDER**
(Motion to Dismiss Complaint)

This matter came before the Honorable Benjamin C. Sison, Jr. on July 26, 2024, upon Defendant Lawrence P. Chargualaf's Motion to Dismiss Complaint (June 28, 2024). At the hearing, Attorney George N.P. Valdes appeared on behalf of Defendant, and Attorney Leevin T. Camacho appeared on behalf of Plaintiff John P. Chargualaf. Having duly considered the written briefings, oral arguments, and the applicable law, the Court **GRANTS** the Motion to Dismiss.

## BACKGROUND

Plaintiff is the owner of certain real property in Inarajan, Guam. V. Compl. at 1 (June 10, 2024).[1] Defendant—Plaintiff's brother—has lived on the property since 2013. *Id.* On or about April 1, 2024, Plaintiff gave Defendant notice to vacate the property by April 26, 2024. *Id.* at 2. Defendant refused to do so. On or about May 9, 2024, Plaintiff gave Defendant a written notice to vacate the premises within thirty (30) days. *Id.* Again, Defendant refused to do so. *Id.*

---

[1] The Court recognizes that Defendant disputes the validity of Plaintiff's deed to the property. *See* Reply at 3-4 (July 17, 2024). However, upon a GRCP 12 motion to dismiss, the Court must accept the well-pleaded facts in the Complaint to be true, and does not consider extrinsic evidence.

On June 10, 2024, Plaintiff filed his Verified Complaint for Unlawful Detainer, seeking to retake possession of the property, as well as attorney's fees and lawsuit costs. In response, Defendant filed his Motion to Dismiss, arguing the Complaint should be dismissed under Guam Rule of Civil Procedure ("GRCP") 12(b)(1) and/or GRCP 12(b)(6). On July 10, 2024, Plaintiff filed an Opposition Brief, and on July 17, 2024, Defendant filed a Reply Brief. The Court heard the Motion to Dismiss on July 26, 2024, and then took the matter under advisement.

## DISCUSSION

Defendant argues that the Verified Complaint is defective because it fails to sufficiently allege a landlord-tenant relationship between the parties, and because it fails to allege a term of lease for Defendant's tenancy of the property. Mot. Dismiss at 6. Defendant moves to dismiss of the Complaint pursuant to either Guam Rule of Civil Procedure (GRCP) 12(b)(1) or GRCP 12(b)(6).

### 1. GRCP 12(b)(6) is the Applicable Rule

Defendant first argues that the Complaint must be dismissed because Plaintiff "lacks standing to bring this unlawful detainer action." Mot. Dismiss at 2. An action may be dismissed action under GRCP 12(b)(1) for "a lack of jurisdiction over the subject matter." Guam R. Civ. P. 12(b)(1). Constitutional standing is a "component of subject matter jurisdiction," *Hemlani v. Melwani*, 2021 Guam 26 ¶ 22; *see also Benavente v. Taitano*, 2006 Guam 15 ¶ 14 ("a court has no subject matter jurisdiction to hear a claim when a party lacks standing."). A plaintiff establishes constitutional standing by showing "(1) it has suffered an 'injury in fact'; (2) that the injury can be fairly traced to the challenged action taken by the defendant"; and (3) that it is likely and beyond mere speculation that a favorable decision will remedy the injury sustained." *In re A.B. Won Pat Int'l Airport Auth.*, 2019 Guam 6 ¶ 17. Although Defendant recites this test for constitutional standing, Mot. Dismiss at 2-3, he does not argue against specific prong. Instead, Defendant argues that Plaintiff "fails to comply

with the first and most basic requirement of standing <u>pursuant to the unlawful detainer statute</u> . . . . Plaintiff fails to allege that he is a landlord or a leaseholder." *Id.* at 6 (emphasis added).

Defendant's argument is a challenge to statutory standing, not to constitutional standing. Statutory standing considers "whether a party has stated a valid claim for relief under a specific statute, not whether a party has satisfied jurisdictionally-based standing requirements." *In re A.B. Won Pat Int'l Airport Auth.*, 2019 Guam 6 ¶ 31 (citing *Lexmark Intern. Inc. v. Static Control Components, Inc.*, 572 U.S. 118, 131-32 (2014). But statutory standing is not a "jurisdictional" requirement, as it "does not implicate subject-matter jurisdiction, i.e., the court's statutory or constitutional *power* to adjudicate the case." *Id.* ¶ 30 (quoting *Lexmark*, 572 U.S. at 128 n.4) (emphasis in original). Accordingly, while a lack of *constitutional* standing is a viable basis to challenge subject matter jurisdiction under GRCP 12(b)(1), a lack of *statutory* standing is not; that type of argument is addressed through GRCP 12(b)(6). *See Maya v. Centex Corp.*, 658 F.3d 1060, 1067 (9th Cir. 2011); *Leyse v. Bank of America Nat. Ass'n*, 804 F.3d 316 (3d Cir. 2015). The Court therefore proceeds to analyze under GRCP 12(b)(6).

**2. <u>The Complaint Fails to State a Claim in Unlawful Detainer</u>**

An action may be dismissed under GRCP 12(b)(6) for "a failure to state a claim upon which relief can be granted." Guam R. Civ. P. 12(b)(1). "In ruling on a motion to dismiss under Rule 12(b)(6), a court must accept all the well-pleaded facts as true, construe the pleading in the light most favorable to the non-moving party, and resolve all doubts in the non-moving party's favor." *Guam Police Dep't v. Guam Civil Serv. Comm'n (Charfauros)*, 2020 Guam 12 ¶ 8 (quoting *First Hawaiian Bank v. Manley*, 2007 Guam 2 ¶ 9). "In ruling on a 12(b)(6) motion, a court's consideration is limited to the complaint, written instruments attached to the complaint as exhibits, statements or documents incorporated in the complaint by reference, and documents on which the complaint heavily relies." *Core Tech Intern. Corp. v. Hanil Engineering & Constr. Co.*, 2010 Guam 13 ¶ 29.

Plaintiff brings this action under Guam's Unlawful Detainer statute, 21 GCA § 21103. As relevant here, the statute provides that a tenant is guilty of Unlawful Detainer:

> (a) When he continues in possession, in person or by subtenant, of the property, or any part thereof, <u>after the expiration of the term for which it is let to him, without the permission of his landlord,</u> or the successor in estate of his landlord, if any there be; including a case where . . . <u>the time fixed for such occupancy by the agreement between the parties has expired;</u> but nothing in this subdivision contained shall be construed as preventing the removal of such occupant in any other lawful manner; but in case of a tenancy at will, it must first be terminated by notice, as prescribed in this Code.

21 GCA § 21103(a) (emphasis added). Unlawful Detainer actions are "purely statutory in nature," *Bank of Hawaii v. Chan*, 2003 Guam 7 ¶ 5. If the plaintiff's claim does not fit squarely within the text of the Unlawful Detainer statute, the remedy is unavailable. *See id.; Stancil v. Superior Court*, 485 P.3d 446, 452 (Cal. 2021). In other words, the statute "must be complied with strictly." *Archbishop*, 1997 Guam 12 ¶ 10. It must be shown that "the tenant has defaulted in the payment of rent, [the tenant] is in possession of the property without the landlord's permission, and [] the tenant has been served with a valid notice demanding payment or surrender of possession." *Id.* ¶ 11.

Implicit in both the statute and the *Archbishop* test above, and as California courts have explicitly recognized, the parties to an Unlawful Detainer action must be a "landlord" and a "tenant," respectively. *See Fredericksen v. McCosker*, 299 P.2d 908, 910 (Cal. Ct. App. 1956) ("If the relation of landlord and tenant never existed, then appellants did not have a cause of action in unlawful detainer against respondents."); *Cavanaugh v. High*, 6 Cal.Rptr. 525, 526 (Ct. App. 1960) (a landlord-tenant relationship is "sine qua non" for an Unlawful Detainer action). Here, however, even taking the factual allegations in the Complaint as true and viewing them in the light most favorable to Plaintiff, the Complaint does not allege a landlord-tenant relationship between the parties.

The Complaint does not use the terms "landlord" and "tenant." As a general principle, "[t]he

person letting real estate is called the landlord, and the party to whom the lease is made, the tenant." *Stone v. City of Los Angeles*, 299 P. 838, 841 (Cal. Ct. App. 1931). However, the Complaint does not allege the existence of a lease between the parties. The Complaint instead alleges that Defendant "was allowed" to reside on the property beginning in 2013, but it does not allege that there was any written or oral agreement between the parties to govern the terms of that residency. And while a landlord-tenant arrangement can be created even without a formal agreement, an informal tenancy of this nature typically arises from "consent and acceptance of rent." *Getz v. City of West Hollywood*, 284 Cal.Rptr. 631, 633 (Ct. App. 1991). While it is clear that Defendant does not have Plaintiff's consent to be on Plaintiff's property, the Complaint does not allege that Defendant was ever required to, or did, pay rent or other consideration to Plaintiff. The Court thus finds that the Complaint fails to allege sufficient facts to establish the existence of a conventional landlord-tenant relationship.

Moreover, Unlawful Detainer is a remedy for the situation where a tenant continues in possession of the property "after the expiration of the term for which it is let to him, without the permission of his landlord." 21 GCA § 21103(a). As noted above, the Complaint does not allege that the parties had any agreement as to term of lease, and thus it does not allege that Defendant continued to occupy the property "after the expiration" of such term. Plaintiff responds that there is a "presumption under Guam law that the renting of a home is subject to a month to month term." Opp. at 2 (citing 18 GCA §§ 51104, 51105). It is true that under 18 GCA § 51104, "[i]n the absence of any agreement respecting the length of time or the rent, the hiring is presumed to be monthly." But this statute applies by its plain terms to the "hiring" of real property. The word "hiring" is defined by a related statute as "a contract by which one gives to another the temporary use possession and use of property, other than money, <u>for reward</u>, and the latter <u>agrees to return the same to the former at a future time.</u>" 18 GCA § 50101 (emphasis added). The Complaint does not allege, directly or indirectly through the factual allegations, that the parties formed a "contract," that Plaintiff sought or

received any "reward" from Defendant in exchange for Defendant's occupancy of the property, or that Defendant had agreed to cease his occupancy at a defined "future time." Therefore, the Complaint does not allege sufficient facts to show that Defendant's occupancy was a "hire" of the land. Without such facts, the Court cannot apply the statutory presumption applicable to "hires" of real property.

Under 21 GCA § 21103(a), the remedy of unlawful detainer is available to a landlord when a tenant remains on the property after the expiration of his rental term. Here, the Complaint does not allege sufficient facts to establish that Plaintiff is a landlord or that Defendant is his tenant, nor does it allege sufficient facts to establish that Defendant remained on the property after the expiration of an agreed-to term. The Complaint therefore fails to plead a cause of action justifying the summary remedy of Unlawful Detainer, so it must be dismissed under GRCP 12(b)(6). The Court's decision does not reach the merits of the dispute and does not foreclose the possibility of Plaintiff amending his Complaint or pursuing relief under alternative legal theories.

## CONCLUSION

Based on the above analysis, the Court **GRANTS** Defendant's Motion to Dismiss under GRCP 12(b)(6). The matter is hereby **DISMISSED** without prejudice.

**SO ORDERED** this ___ August 2, 2024 ___.

_____
HONORABLE BENJAMIN C. SISON, JR.
Magistrate Judge, Superior Court of Guam

Page 6 of 6

**SERVICE VIA E-MAIL**
I acknowledge that an electronic copy of the original was e-mailed to:

_Jeevan Camacho_
_George Valdez_
Date: 8/2/24 Time: 1155 A

Deputy Clerk, Superior Court of Guam